■ 1/5TH L.P., Respondent, v HL ONE, LLC, et al., Appellants. [804 NYS2d 27]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered May 27, 2004, which, after a jury trial, awarded plaintiff the sum of $185,866 plus interest against defendants, unanimously reversed, on the law, without costs, the judgment vacated and judgment awarded in favor of defendants dismissing the complaint. The Clerk is directed to enter an amended judgment accordingly. Appeal from order, same court and Justice, entered May 24, 2004, unanimously dismissed, without costs.

In September 2000, defendant HL purchased a restaurant called "Clementine" from plaintiff. Part of the consideration consisted of a note in the amount of $185,866 from HL to plaintiff, guaranteed by defendant Berger, a member of HL, with the first payment due on March 1, 2001. The note referenced a document entitled "Affidavit of Creditors" of plaintiff and gave defendant HL "a right of set-off . . . in the event of any material discrepancies contained in the Affidavit of Creditors . . . or liabilities not otherwise assumed by [HL] . . . or in the event that any Tax Claims . . . are not paid by *the Maker* within six (6) months from the date hereof" (emphasis added). The document inadvertently imposed the obligation to pay prior tax claims on defendant HL, rather than on plaintiff, which had incurred them. This error was discovered for the first time by the jury during its deliberations.

HL did not make any payments under the note and plaintiff commenced this action, asserting causes of action for breach of contract and unjust enrichment. Defendants' answer asserted the affirmative defense of fraud on the part of plaintiff, but did not provide specific allegations of fraudulent conduct.

At the conclusion of the trial, the jury was given a series of interrogatories. It determined that neither defendant was fraudulently induced into entering into the agreement to buy Clementine. The jury further determined that there had been a material discrepancy in the affidavit of creditors, that there were liabilities not otherwise assumed by defendants, and that the liabilities exceeded the face amount of the note. However, the jury then awarded plaintiff damages in the full amount of the note.

Finding the verdict inconsistent, the trial court gave clarifying instructions, without objection from defendants, and resubmitted the same verdict sheet. After further deliberations, the jury partially reversed itself. While still finding that there was no fraud on the part of plaintiff, the jury now determined there had not been a material discrepancy in the affidavit of creditors and that there were no liabilities which were not assumed by the maker of the note. It again returned a verdict in favor of plaintiff in the full amount of the note.

Defendants' motions for a mistrial and judgment notwithstanding the verdict on the ground that verdict was against the weight of the evidence were denied. We now reverse.

"For a court to conclude as a matter of law that a jury verdict is not supported by sufficient evidence . . . [i]t is necessary to first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). In arriving at this conclusion, "the court must cautiously balance" the deference due to a jury determination with its obligation to ensure that the verdict is fair and supported by the evidence (*McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [2004], citing *Fontana v Kurian*, 214 AD2d 832, 833 [1995], *lv denied* 86 NY2d 707 [1995]). A court "may not employ its discretion simply because it disagrees with a verdict" (*McDermott*, 9 AD3d at 206).

Despite defendant Berger's failure to make any payments under the note, there is no question that the outstanding tax claims are greater than the obligations under the note. The prior owner of Clementine testified at trial that these were the obligations of Clementine and that defendant Berger was

entitled to a setoff for these amounts. Indeed, the plain language of the note provides for a setoff against tax claims, without regard to whether they were concealed or whether there was a material discrepancy. Despite the fact that defendants defaulted under the note, this setoff is not conditioned upon payment by defendants. As previously stated, the obvious typographical error placing the burden to pay these claims on the "Maker" rather than the "Holder" of the note was discovered for the first time by the jury during deliberations and caused confusion, as was plainly seen in the inconsistencies between the first and second verdict sheets. The verdict, therefore, is not supported by or consistent with the evidence presented at trial.

Based upon the foregoing, it is unnecessary to address defendants' other claims of error. Concur—Sullivan, J.P., Ellerin, Nardelli and Sweeny, JJ.